(Hamilton County Probate Court.)

In the matter of the late partnership of A. B. CHAMPION and E. CORT WIL-LIAMS, doing business under the firm-name of CHAMPION & WILLIAMS.

*Law Partnership—Death of one partner—Secs. 3167 & 3169 construed.*

1. Jurisdiction of probate court where there is an equity proceeding in the common pleas, for the adjustment and settlement of all partnership affairs.
2. Section 3167 R. S., providing that the surviving partner shall forthwith upon the appointment of the exec'r or adm'r of the deceased partner, make application to the court of the county in which the partnership exists, for the appointment of appraisers, to make a full and complete inventory and appraisement of the entire assets of the partnership; and sec. 3169 providing for the appointment of a receiver of the partnership business in case the surviving partner fails to take the interest of the deceased partner at the appraisement, applies to a partnership of lawyers.

(Decided February. 1893.)

---

Decision on demurrer to reply.

FERRIS, J.

On the twelfth day of January, 1893, an application was made by the executrix of E. Cort Williams for the appointment of appraisers of the partnership assets of the firm of which the said E. Cort Williams was a member during his lifetime. Admitted facts are that E. Cort Williams died on the third day of August, 1890, and on the twelfth day of August of the same year his will was admitted to probate, and Matilda G. Williams was duly qualified as executrix; that the said Williams, at the time of his death, was a member of the law partnership, doing business under the firm-name of Champion & Williams.

The application for the appointment of appraisers sets out, among other things, that at the time of the death of E. Cort Williams there were assets of said partnership consisting of a large amount of money, securities, lands and other assets of value in various amounts, and asks for the appointment of appraisers under the provisions of section 3167, amended, vol. 87, page 97 of the Ohio Laws.

This application for the appointment of appraisers is resisted; among other reasons, upon the ground that on the thirtieth day of November, 1892, the surviving partner, A. B. Champion, filed in the court of common pleas of this county a petition asking for the adjustment and settlement of all partnership matters of said firm, and it is contended that by reason thereof, this court has no jurisdiction over matters involved in said partnership affairs, and for the further reason that this statute, as it now exists, has no application to the condition of affairs existing in the case at bar; and also for many other reasons set out at length in the answer filed January 30, 1893, to which answer, on the ninth day of February, a reply was made controverting many of the facts set out in the answer, and raising questions of jurisdiction which make it necessary for the court to examine in the determination of the questions involved in the application.

The demurrer searches the record, admits the facts for the purposes of the discussion, and leaves for the court the determination of the question of jurisdiction and the construction to be given to sections 3167 and 3169.

The demurrer filed in case No. 94704, Hamilton Common Pleas, overruled by Judge Sayler, does not pass upon the question raised by this application. The decision in that case determines what seems to be well settled, that there is no conflict between the two courts in which relief is sought. By that determination it is settled that it was the right of the surviving partner to file a bill in equity for accounting and for the full settlement of all matters of difference. Until the passage of the act in sections 3167-69-70, a bill in equity for accounting was the method of disposing of partnership matters in the event of death, and these sections are to be construed by this court as the present legal method of determining the rights both of the surviving partner and the representatives of the deceased, in partnership matters.

The section (3167) referred to by Judge Pugsley in the Crane case, vol. XXIX., p. 93, Weekly Law Bulletin, is clear as to the duties of a surviving partner. The language is strong and unequivocal: "The surviving partner or partners shall forthwith upon the appointment of the executor or administrator of the estate of such deceased partner, make application to the court of the county in which the partnership exists, for the appointment of three judicious, disinterested appraisers, whose duty it shall be to make out, under oath, a full and complete inventory and appraisement of the entire assets of the partnership."

Section 3169, as amended, with equal clearness provides that in the event such surviving partner or partners shall refuse or neglect to take the interest of such deceased partner in the partnership assets, within the time and in the manner hereinbefore provided, such executor or administrator shall forthwith apply to the court of competent jurisdiction for the appointment of a receiver for said partnership, who shall thereupon proceed to wind up said partnership and dispose of the assets thereof, in accordance with the statute governing receivers, and the probate court shall be a court of competent jurisdiction in the appointment and control of the receiver herein provided for.

Under this act, as amended March 24, 1890, vol. 87, page 97, Ohio Laws, it was plainly the duty of the surviving partner to have caused such steps to be taken as would protect his own rights under this section, and at the same time, to have given the estate adequate information, in a statutory way, of the nature, value, and amount of the partnership assets. This was not done for reasons set out in the answer, and also as fully appears by the petition filed in the case in common pleas court. Nor, on his failure to make such application, does it appear that the representatives of the deceased partner saw fit to make such application within the time named in the statute, as fully appears from the application filed herein as well as the reply.

Failing to agree on either the amount or the value of the assets, and unable entirely to agree as to the rights of the parties, relief is sought by an action for an account in the case referred to, in a court of general jurisdiction having the fullest authority and right to go into an adjudication and adjustment of all matters growing out of this partnership relation.

It is not necessary to discuss here the rights of a surviving partner over and to the assets left after the decease and until settlement is had, but he is possessed of rights clearly defined; and, could the facts be admitted, the relief could be worked out easily in that court.

As before remarked, the provisions of section 3167 have in contemplation a continuance of a partnership not to be imperiled, jeopardized or ruined by death. The surviving partner has no less rights than the deceased partner had, to the extent of those rights. They may have been

unequal in amount—determined by contract arrangement during life—but whatever the amount, the principle involved is the same, and each is entitled under the law to have such interests protected.

It is contended that the sections do not apply to a partnership of lawyers; a business which from its nature is not mercantile, but professional; where the assets are of a nature peculiar and unusual; where the value is difficult of ascertainment, and where questions that in a mercantile partnership would be easy of solution and the assets fixed in value, are of a nature in a legal partnership to defy the skill of the appraisers appointed by a court.

But the law makes no distinction. It uses the term "partners" as applying to both. It uses the term "inventory and appraisement of the entire assets of the partnership, including real estate." And, if the result of the partnership contract shall be so fortunate as to have a surplus resulting from such partnership such as to show assets of bonds, stocks or real estate, I see no reason why section 3167, in its application, should not determine the position and rights of the partners; and I see no reason why, even in view of the existing suit in the common pleas court, the executrix should be denied the right of having a fixed value determined upon those things which are visible and admitted to be partnership assets.

Had this application been made by the surviving partner, under the statute, the court would not have denied the same as his right, for it makes such duty mandatory in plain language. So, also, is it the duty of the executrix in the event of his failure, to cause such application to be made and such an inventory to be filed.

There may be, and certainly are, questions that will arise in the operation of this statute which will be difficult and hard of solution, but I am of opinion that under any proper interpretation the court can not avoid the responsibility of granting the application, on jurisdictional grounds. The court will appoint the appraisers as asked for in the application.

John S. Connor, for the application.

D. Thew Wright and Drausin Wulsin, contra.